**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MICHAEL WILLIAMS,

    Plaintiff,

CASE NO. 06-CV-12385

v.

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

LIVINGSTON, Shift Supervisor,
MICHIGAN DEPARTMENT OF
CORRECTIONS, MILLER,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Michigan Department of Corrections and Defendant Miller be *sua sponte* **DISMISSED WITH PREJUDICE** because the complaint fails to state a claim upon which relief can be granted against these defendants, and that the case proceed solely against Defendant Livingston.

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt. 3.) Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Bellamy

Creek Correctional Facility in Ionia, Michigan.  Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on July 13, 2006.  After screening the complaint, I conclude that the case is ready for Report and Recommendation.

### B.     Governing Law

### 1.     Screening

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[1] 28 U.S.C. § 1915(e),[2] and 42 U.S.C. § 1997e(c)(1),[3] the Court must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

**2. Exhaustion of Administrative Remedies**

Prisoner civil rights cases are also subject to the Prison Litigation Reform Act's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). However, the Prison Litigation Reform Act also provides that, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which

3

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

When a prisoner's complaint does state a viable claim, the prisoner bears the threshold burden of demonstrating exhaustion. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To satisfy this burden, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at all three steps regarding each claim he seeks to raise and the administrative responses he received, up to and including the response to his Step III grievance appeal. In the absence of these documents, the grievances filed and the responses received must be described in detail.

The Court then reviews the grievances to determine whether each claim against each defendant was specifically raised, because the rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process."

*Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). The exhaustion requirement is not met if the prisoner did not mention an individual defendant until Step II or Step III of the process. *Id.*

At this time, the rule in the Sixth Circuit is one of "partial exhaustion." In other words, when a prisoner files a mixed complaint – one containing both exhausted and unexhausted claims – the district court must dismiss without prejudice the unexhausted claims and the case may proceed on the basis of the exhausted claims. *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) (explaining the tortured history of the "total exhaustion rule" versus the "partial exhaustion rule" in this circuit).

### C. The Complaint

Plaintiff claims that on December 2, 2005, he was repeatedly assaulted by his cellmate, Defendant Miller. Plaintiff asserts that these assaults occurred after he had informed the corrections staff numerous times that he and prisoner Miller were not getting along and that Miller had threatened him. Plaintiff further claims that one of the assaults was witnessed by Defendant Livingston, a corrections officer, who refused to separate them despite seeing Plaintiff's injuries. Later that evening, after another assault occurred, Plaintiff states he was finally removed from the cell.

As relief, Plaintiff seeks compensatory, declaratory and injunctive relief. He specifically asks that the Court require Defendant MDOC to "carefully and closely monitor cell placements of known violent offenders" such as Defendant Miller with non-violent offenders such as Plaintiff. (Compl. at 5.)

### D. Analysis and Conclusions

#### 1. Defendant Michigan Department of Corrections

Plaintiff has named the MDOC as a defendant in this lawsuit. The MDOC is a department of the State of Michigan. The State of Michigan has not consented to civil rights suits under 42 U.S.C. § 1983, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress has not expressly abrogated its Eleventh Amendment immunity by statute. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000) ("the MDOC, as an arm of the State of Michigan, is entitled to sovereign immunity"); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. April 5, 1995) ("[t]he MDOC is absolutely immune from suit under the Eleventh Amendment").

Accordingly, regardless of whether Plaintiff exhausted his administrative remedies with regard to this claim, I suggest that Defendant MDOC should be *sua sponte* dismissed with prejudice because it is immune from suit.

#### 2. Defendant Miller

Plaintiff claims that Defendant Miller, Plaintiff's cellmate, "committed an assault and battery upon [his] person." (Compl. at 4.) To state a claim under 42 U.S.C. § 1983, however, a plaintiff must allege the violation of a federal right and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or

6

wrongful the party's conduct, unless that party willfully participated in joint activity with the state. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

Here, the complaint names a purely private party, Plaintiff's former cellmate, as a defendant, and does not allege that Defendant Miller violated a federal right or willfully participated in joint activity with the state. Accordingly, regardless of whether Plaintiff exhausted his administrative remedies with regard to this claim, I suggest that the complaint fails to state a claim against Defendant Miller and that he should be dismissed with prejudice.

### 3. Defendant Livingston

Plaintiff attached several pages of grievance documentation to his complaint. Included in these documents is a five-page Step I grievance which was submitted on December 8, 2005, detailing the assaults by prisoner Miller. The grievance included the following pertinent statements:

> Later that evening Miller assaulted me again. This assault occurred as Lt. Livingston was making a round. Lt. Livingston claimed he did not see any assault. I showed Lt. Livingston injury to my face, leg and back. There were only two people in the room, being Miller and myself. Lt. Livingston refused to separate us and left. . . . Miller assaulted me again later that evening . . . .

(Grievance No. IBC-05-12-4214-17I, attached to Compl.) Plaintiff's documentation shows that he appealed the denial of this grievance all the way through Step III of the MDOC process.

Liberally construing the claim as this Court must, I suggest that Plaintiff has stated a claim against Defendant Livingston that the lieutenant was deliberately indifferent to his health and safety in violation of the Eighth Amendment. Accordingly, I suggest that the case proceed with Defendant Livingston as the sole defendant.

7

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      s/ *Charles E. Binder*
      CHARLES E. BINDER
Dated: July 20, 2006      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Michael Williams and Honorable David M. Lawson.

Dated:  July 20, 2006      By_____s/Mary E. Dobbick_____
      Secretary to Magistrate Judge Binder